IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **JARED MCNEEL, et al.** | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 3:19-cv-178** |
| | § | |
| **KIDDIE ACADEMY** | § | |
| **INTERNATIONAL, INC., et al.** | § | |
| *Defendants* | § | |

## NOTICE OF REMOVAL

Defendant, **KIDDIE ACADEMY DOMESTIC FRANCHISING, LLC** ("Defendant"), files this Notice of Removal. In support hereof, Defendant respectfully shows the following:

### The Grounds for Removal

This Court has original jurisdiction of this action under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b) and 1446. The action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446 because the only remaining parties to this suit are citizens of different states.

### Diversity Jurisdiction

1. On October 17, 2018, Plaintiffs filed suit against Defendants, Kiddie Academy International, Inc., Bullock's Bright Beginnings, L.L.C. and Cory Bullock and Summer Bullock, Individually and d/b/a Kiddie Academy of League City, in the case styled *Jared McNeel and Lindsey McNeel, Individually and As Natural Representatives*

*of the Estate of Skylar Mae McNeel, Deceased. v. Kiddie Academy International, Inc., et al.*, Cause No. 18-CV-1455; in the 405th Judicial District Court of Galveston County, Texas.  Plaintiffs demanded a jury in the Original Petition.

2.      Plaintiffs filed their First Amended Petition on December 4, 2018 and joined Defendant, Essential Brands, Inc.

3.      On February 20, 2019, Plaintiffs joined and subsequently served Kiddie Academy Domestic Franchising, LLC with a copy of Plaintiffs' Third Amended Petition, Jury Demand and Request for Disclosure to Defendants.  Plaintiffs omitted co-Defendants, Kiddie Academy International, Inc. and Essential Brands, Inc., from the Third Amended Petition, effectively dismissing them from suit.

4.      As alleged in Plaintiffs' Third Amended Petition, Plaintiffs contend Defendants, individually and collectively, were negligent and grossly negligent in the care and supervision of three-month old Skylar McNeel, Deceased, while she was in the care of Kiddie Academy of League City.  As a result of Defendants' alleged conduct, Plaintiffs seek damages for the survival claims and wrongful death of Skylar McNeel totaling in excess of $1,000,000.00.

5.      On May 2, 2019, the Court entered the Order Granting Agreed Motion to Dismiss With Prejudice of co-Defendants, Bullock's Bright Beginnings, L.L.C. d/b/a Kiddie Academy, Bullock's KA2, LLC d/b/a Kiddie Academy, Bullock's KA3, LLC d/b/a Kiddie Academy, Cory Bullock, Individually, and Summer Bullock, Individually.  As referenced in the Order, the only remaining Defendant is Kiddie Academy Domestic Franchising, LLC.

6.	The partial Order of Dismissal resulted in the dismissal of all resident Defendants on May 2, 2019.

7.	The 30-day time frame within which Kiddie Academy Domestic Franchising, LLC is required by the laws of the United States, 28 U.S.C. § 1446(b)(3), to file this Notice of Removal has not yet expired, and Plaintiffs' suit was originally filed on October 17, 2018.  Therefore, this Notice of Removal is timely filed, less than one year from the date suit was filed.  28 U.S.C. §§ 1446(b)(3) and 1446(c)(1).

8.	This court has subject matter jurisdiction over this civil action based on the diversity of the parties, under 28 U.S.C. § 1332(a)(1). It is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because the Plaintiffs have sought in excess of $1,000,000 in damages, as set forth in their pleadings.  In addition, this action is between the citizens of different states. Therefore, this action is one which may be removed to this court by Kiddie Academy Domestic Franchising, LLC pursuant to the provisions of 28 U.S.C. §1441(b)(3).

9.	Based on a review of the Order Granting Agreed Motion to Dismiss With Prejudice, Plaintiffs, who are citizens of Texas, have dismissed all of their claims against the resident Defendants and citizens of Texas.  Specifically, each of the Defendants dismissed in the Order are citizens of Texas, as reflected in Plaintiffs' Third Amended Petition.  The only remaining Defendant is Kiddie Academy Domestic Franchising, LLC. Kiddie Academy Domestic Franchising, LLC is a citizen of Delaware and Maryland. Kiddie Academy Domestic Franchising, LLC is a limited liability company that maintains its principle place of business in Maryland and was formed in Delaware. The

sole member of Kiddie Academy Domestic Franchising, LLC is Essential Brands, Inc. Essential Brands, Inc. is also a citizen of Maryland and Delaware, as it maintains its principle place of business in Maryland and was incorporated in Delaware.

10. Based on the diversity of citizenship between the remaining parties, this court has original subject matter jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1) in that it is a civil action between the citizens of different states and the alleged value exceeds $75,000 in controversy.

11. Venue is proper in this district court under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

## **Compliance with Removal Procedures**

12. In accordance with 28 U.S.C. § 1446(a), all of the process and pleadings served upon Defendants in this action to date are attached to this notice:

   a. Plaintiffs' Original Petition, Jury Demand and Request for Disclosure to Defendants and Requests for Issuance of Service (Exhibit 1);

   b. Status Conference Sheet (Exhibit 2);

   c. Returns of Service (Exhibit 3);

   d. Original Answer of Bullock Defendants (Exhibit 4);

   e. Plaintiffs' First Amended Original Petition, Jury Demand and Request for Disclosure to Defendants and Requests for Issuance of Service (Exhibit 5);

   f. Returns of Service (Exhibit 6);

   g. Defendants Kiddie Academy International, Inc. and Essential Brands, Inc.'s Original Answer, Application for Jury Trial and Letter to District Clerk (Exhibit 7);

4

    h.    Certificate of Written Discovery and Letter to District Clerk (Exhibit 8);

    i.    Docket Control Order (Exhibit 9);

    j.    Certificate of Written Discovery (Exhibit 10);

    k.    Plaintiffs' Second Amended Original Petition, Jury Demand and Request for Disclosure to Defendants (Exhibit 11);

    l.    Plaintiffs' Third Amended Original Petition, Jury Demand and Request for Disclosure to Defendants (Exhibit 12);

    m.    Defendant's, Kiddie Academy Domestic Franchising, LLC, Original Answer and Application for Jury Trial (Exhibit 13);

    n.    Certificate of Written Discovery (Exhibit 14);

    o.    Notice of Intention to Take Deposition by Written Questions (Exhibit 15);

    p.    Agreed Motion to Dismiss With Prejudice with Proposed Order (Exhibit 16);

    q.    Certificate of Written Discovery (Exhibit 17);

    r.    Order Granting Agreed Motion to Dismiss With Prejudice (Exhibit 18);

    s.    Copy of Notice (Exhibit 19); and

    t.    Proposed Agreed Order Protecting Confidential Information (Exhibit 20).

13.    In accordance with Local Rule LR81, Defendant further attaches executed copies of the following forms required for cases removed to the Southern District of Texas:

    u.    Docket Sheet (Exhibit 21);

   v.  An index of matters being filed (Exhibit 22);

   w.  Civil Cover Sheet JS-44 (Exhibit 23); and

   x.  A list of all counsel of record, including address, telephone numbers and parties represented (Exhibit 24).

14. As required by 28 U.S.C. § 1446(d), Defendant will promptly provide notice to Plaintiffs and file a true and correct copy of this Notice of Removal with the clerk of the state court where this action has been pending.

## **Preservation of Defenses**

15. By filing this Notice of Removal, Defendant does not waive any defense which may be available to it.

FOR THESE REASONS, Defendant, **KIDDIE ACADEMY DOMESTIC FRANCHISING, LLC**, prays that this cause be removed to the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. §1441.

Respectfully submitted,

By:   /s/ David L. Miller
     David L. Miller
     Attorney-in-Charge
     SBN: 14067300
     Federal I.D. #8833
     Miller, Scamardi & Carrabba, P.C.
     6525 Washington Avenue
     Houston, Texas 77007-2112
     TEL: (713) 861-3595
     FAX: (713) 861-3596
     dmiller@msc-lawyer.com
     e-service@msc-lawyer.com

**ATTORNEYS FOR DEFENDANT, KIDDIE ACADEMY DOMESTIC FRANCHISING, LLC**

OF COUNSEL:
Diane F. Burgess
SBN: 24036594
Federal I.D. #34380
Miller, Scamardi & Carrabba, P.C.
6525 Washington Avenue
Houston, Texas 77007
TEL: (713) 861-3595
FAX: (713) 861-3596
dburgess@msc-lawyer.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record via electronic transmission (ECF), certified mail, return receipt requested and/or facsimile, pursuant to Rule 5b, FED. R. CIV. P., on this 28th day of May 2019.

      /s/ David L. Miller
     David L. Miller / Diane F. Burgess