# EXHIBIT 1

Filed: 10/17/2018 4:12 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 28358314
By: Rolande Kain
10/18/2018 8:43 AM

18-CV-1455

NO. _____

| | | |
|---|---|---|
| JARED MCNEEL AND LINDSEY MCNEEL, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NATURAL | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF SKYLAR MAE MCNEEL, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | GALVESTON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| KIDDIE ACADEMY INTERNATIONAL, INC., | § | |
| BULLOCK'S BRIGHT BEGINNINGS, L.L.C. | § | |
| AND CORY BULLOCK AND | § | |
| SUMMER BULLOCK, INDIVIDUALLY | § | |
| AND DBA KIDDIE ACADEMY OF | § | |
| LEAGUE CITY | § | Galveston County - 405th District Court |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND AND
## REQUEST FOR DISCLOSURE TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** Plaintiffs herein, complaining of **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY,** Defendants herein, and for cause of action would respectfully show the Court and Jury the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend to conduct discovery under Level 3 as prescribed by TEXAS RULE OF CIVIL PROCEDURE 190.4 and affirmatively plead that this suit is not governed by the

Status conference set for 1/10/19

expedited-actions process in TEXAS RULE OF CIVIL PROCEDURE 169 because Plaintiffs seek monetary relief over $100,000.00.

## JURISDICTION AND VENUE

2. Venue is proper in Galveston County pursuant to T.C.P.R.C. section 15.001 et seq because all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County, Texas.

3. The amount in controversy is within the minimum jurisdictional limits of this Court. The Court also possesses subject matter jurisdiction over all causes of action and claims for relief stated herein. Plaintiffs seek monetary relief of over $10,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment, interest and attorney's fees.

## PARTIES

4. Plaintiffs, **JARED MCNEEL** and **LINDSEY HARRIS MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** reside in League City, Galveston County, Texas.

5. Defendant, **KIDDIE ACADEMY INTERNATIONAL, INC.,** is a foreign for-profit corporation doing business in Texas. Defendant may be served with process in this lawsuit by serving its registered agent, Cheryl Clisfon, 3620 Nasa Road One, Seabrook, Texas, 77586. Service on this Defendant is requested at this time.

6. Defendant, **BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** is a domestic limited liability corporation and may be served with process in this lawsuit by serving its registered agent, Cory Bullock, at 2108 Bayou Cove Lane, League City, Texas, 77573. Service on this Defendant is requested at this time.

7. Defendant, **CORY BULLOCK, Individually and d/b/a Kiddie Academy of League City,** may be served with process in this lawsuit at 2108 Bayou Cove Lane, League City, Texas, 77573. Service on this Defendant is requested at this time.

8. Defendant, **SUMMER BULLOCK, Individually and d/b/a Kiddie Academy of League City,** may be served with process in this lawsuit at 2108 Bayou Cove Lane, League City, Texas, 77573. Services on this Defendant is requested at this time.

9. This case is about **SKYLAR MAE MCNEEL.**



## FACTS

10.     Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL,** are the natural parents of **SKYLAR MAE MCNEE, DECEASED. SKYLAR MAE MCNEEL** was three months and twenty-three days old when she died on or about August 27, 2018 with no estate and no heirs other than **JARED MCNEEL,** her natural father, and **LINDSEY MCNEEL,** her natural mother. **SKYLAR MAE MCNEEL** was an infant and minor at the time of her death and had no assets. Therefore, there is no need to probate her estate.

11.     On or about August 27, 2018, Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL,** entrusted their most precious gift from God, their baby girl, **SKYLAR MAE MCNEEL,** to Kiddie Academy of League City (East) located at 1820 Butler Road in League City, Texas.  This child care facility held itself out to the public and to the Plaintiffs as being able to provide competent and attentive infant care. Based on representations made, Plaintiffs believed that Kiddie Academy of League City would care for and nurture their baby girl on a daily basis while they both worked to provide for her needs and well-being. Plaintiffs also believed that Kiddie Academy of League City would provide ample and abundant supervision, attention, love, hugs, cuddles and comfort to their baby girl and that she would be safe under the care of Kiddie Academy of League City employees. Plaintiffs further believed that the persons employed by Kiddie Academy of League City were skilled, trained and able to deliver this type of care to their baby.  Believing the representations made by Kiddie Academy of League City, Plaintiffs left their baby girl in the care and custody of Kiddie Academy of League City.

12.     On or about August 27, 2018, Plaintiffs' precious gift from God was abruptly taken from them when an employee or employees of Kiddie Academy of League City of

League City laid Skylar face down, on her stomach, in a crib that was not "blanket free", in violation of their own "Infant/Toddler Safe Sleep Policy", and the Minimum Standards for Child Care Centers promulgated by the Texas Department of Family and Protective Services under the Texas Administrative Code. What should have been a simple nap turned out to be Skylar's last nap, forever. She never woke up. She died from asphyxiation during her nap due to the negligence of the Defendants named above.

13. In the subsequent official investigation into the incident and, specifically, Skylar's death, the agents, servants and employees of Kiddie Academy of League City League City repeatedly mislead Plaintiffs as well as the investigators charged with determining the cause of her death, by providing them false and misleading information concerning Skylar's sleep position, who was in attendance with Skylar at the time she was found unresponsive and cold, the status of the video monitoring system and other details of this horrific and devastating event; all with the intent to hide their negligence and responsibility; avoid prosecution and deprive the authorities, and Plaintiffs, of the truth.

## NEGLIGENCE OF DEFENDANTS

14. The Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, LLC** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY,** individually and collectively, acting by and through their agents, servants, and/or employees, were the owners and operators in charge of the day care center, Kiddie Academy of League City (East), where this incident occurred.

15. Plaintiffs would show that on the occasion in question the above-named Defendants, jointly and severally, were guilty of various acts, wrongs, omissions, and statutory violations including, but not limited to the following:

- Failing to follow and/or enforce the rules, regulations, standards and guidelines for infant/toddler safe sleep practices promulgated by the Texas Department of Family and Protective Services known as the Minimum Standards of Child Care for Child Care Center under the Texas Administrative Code, including but not limited to the following:

  ¤ Failing to place **SKYLAR MAE MCNEEL** on her back in an infant crib (Tex. Admin. Code §746.2427);

  ¤ Failing to check on **SKYLAR MAE MCNEEL** on a regular, periodic basis during her nap (Tex. Admin. Code §§ 746.2401 and 746.2403);

  ¤ Failing to properly and adequately supervise **SKYLAR MAE MCNEEL** by being conscientious, alert and diligent in monitoring while she slept during her first weeks in child care; minimum of every ten minutes; preferably every five minutes (Tex. Admin. Code §§ 746.2401 and 746.2403);

  ¤ Failing to utilize video monitoring and/or surveillance equipment already in place to ensure the safe care and safety of minors in the care of Defendants, such as **SKYLAR MAE MCNEEL** (Tex. Admin. Code §§ 746.2401 and 746.2403);

  ¤ Failing to properly and adequately monitor and record times and amounts of food consumed by **SKYLAR MAE MCNEEL** (Tex. Admin. Code §746.2431);

  ¤ Failing to properly monitor and record the general mood of **SKYLAR MAE MCNEEL** (Tex. Admin. Code §746.2431);

  ¤ Failing to place **SKYLAR MAE MCNEEL** in a face-up sleeping position (Tex. Admin. Code §746.2431);

  ¤ Placing **SKYLAR MAE MCNEEL** in a face-down sleeping position (Tex. Admin. Code §§ 746.2427);

  ¤ Placing **SKYLAR MAE MCNEEL** in an environment that allowed for her ultimate demise (Tex. Admin. Code §746.2415);

  ¤ Failing to provide adequate pre-service training or annual training to their agents, servants and/or employees (Tex. Admin. Code §746.1107);

  ¤ Failing to properly train and instruct their agents, servants and/or employees regarding the risks and dangers associated with infant sleep

position including sleeping on their stomachs (Tex. Admin. Code § 746.1107);

¤ Failing to designate a child care center director who met the minimum standard qualifications with onsite responsibility for the operation of a child care center (Tex. Admin. Code §746.1001);

¤ Failing to adhere to the "blanket free" policy for an infant room by placing a blanket and "Boppy®" in the crib with **SKYLAR MAE MCNEEL** (Tex. Admin. Code §746.2415);

¤ Failing to properly train their employees in the supervision and safety practices for the care of infants and children (Tex. Admin. Code §746.1107);

- Failing to follow their own Infant/Toddler Safe Sleep Policy;

- Failing to follow guidelines prescribed by the Consumer Products Safety Commission and the American Academy of Pediatrics for a bare crib, free of blankets, pillows, linens (other than a tight-fitting crib sheet), pee-pee pads or bumper pads for infants younger than 12 months of age; and,

- Misrepresenting the capability of the facility to appropriately monitor, supervise and care for the minors in the care of Defendants, such as **SKYLAR MAE MCNEEL.**

16. Each of the foregoing acts, omissions, and/or statutory violations, singularly or in combination with others, constituted negligence and gross negligence, which proximately caused the injuries and damages suffered by Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED.**

### VICARIOUS LIABILITY

17. Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY** are vicariously liable for the acts and omissions of their agents, servants and/or employees, who were employed by or in an agency or contractual relationship with the above-named Defendants at all times material hereto and

Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** hereby invoke the doctrines of agency, ostensible agency, and/or agency by estoppel with respect to that relationship, as those doctrines are understood and employed under Texas law.

## COURSE AND SCOPE OF EMPLOYMENT

18. At all times material to this lawsuit, the agents, servants and employees of Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY,** who were responsible for the care and nurturing of baby girl, **SKYLAR MAE MCNEEL,** were in course and scope of their employment for Defendants at the time of the incident made the basis of this lawsuit. Accordingly, the above-named Defendants are responsible for the negligent acts and damages caused by their agents, servants and/or employees.

## NEGLIGENCE PER SE

19. Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** would further show that Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY,** were negligent as a matter of law because of their violations of the Texas Administration Code. Such statutory violations by the above-named Defendants constitute negligence per se.

20. Plaintiffs, and their baby girl, **SKYLAR MAE MCNEEL, DECEASED,** are members of the class that the Texas Department of Family and Protective Services is

designed to protect and the incident described above was the type of incident intended to be protected against.

21.     The inexcusable breach of duties imposed by the Texas Department of Family and Protective Services by Defendants and their agents, servants and/or employees proximately caused the wrongful death of **SKYLAR MAE MCNEEL** and the injuries and damages to Plaintiffs.

## RESPONDEAT SUPERIOR

22.     At all times material hereto, the agents, services and/or employees responsible for the care and nurturing of **SKYLAR MAE MCNEEL** were employed by Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY,** and they were working within the course and scope of their employment with the above-named Defendants at the time and on the occasion in question.     Accordingly, Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY,** are legally liable for the negligent acts of its agents, servants and/or employees.

## GROSS NEGLIGENCE OF DEFENDANTS

23.     Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL,** will show this Honorable Court that the acts or omissions of Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY,** by and through their agents, servants or employees, were such that when viewed objectively from the standpoint

of the actor at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs, and others similarly situated, and/or with malice, which was also a proximate cause and/or a producing cause of injuries and damages to Plaintiffs.

## DAMAGES – WRONGFUL DEATH

24.     This suit is brought by Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS SURVIVING PARENTS OF SKYLAR MAE MCNEEL**, Deceased, as a result of this unnecessary tragedy to recover damages from Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY,** for the wrongful death of **SKYLAR MAE MCNEEL** under the terms and provisions of §71.001 et seq., V.T.C.A. Civil Practice & Remedies Code. **SKYLAR MAE MCNEEL'S** death was occasioned by the negligence of the above-named Defendants on or about August 27, 2018.  At the time of the incident made the basis of this suit, **SKYLAR MAE MCNEEL** was three months and 23 days old and had a life expectancy of 81 years, according to the U.S. Life Tables, a certified copy of which will be used in evidence at the trial of this case.  **SKYLAR MAE MCNEEL** died as a result of the injuries she sustained in the incident made the basis of this suit.

25.     As a proximate cause of the negligence of the Defendants named herein, and each of them, Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL,** Individually and as Surviving Parents of **SKYLAR MAE MCNEEL,** Deceased, sue for all elements of damage recognizable by law, including but not limited to the following:

a.   Pecuniary loss as a result of the death of their daughter, **SKYLAR MAE MCNEEL,** including losses of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that they would, in all reasonable probability, have received from her daughter during her lifetime, had she lived.

b.   Loss of companionship and society, as a result of the death of their daughter, **SKYLAR MAE MCNEEL,** including, the loss of the positive benefits flowing from the love, comfort, companionship, and society that she would, in all reasonable probability, have received from her daughter during her lifetime, had she lived.

c.   Mental anguish, grief and sorrow as a result of the death of their daughter **SKYLAR MAE MCNEEL,** which is likely to continue to suffer for a long time in the future.

26.   For these damages, Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL,** Individually and as Surviving Parents of **SKYLAR MAE MCNEEL,** Deceased, sue for an amount in excess of the minimum jurisdictional limits of the court.

### DAMAGES - SURVIVAL

27.   As the result of the unnecessary tragedy, **SKYLAR MAE MCNEEL**, prior to her death, suffered substantial and conscious physical pain and mental anguish, and Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL,** as **NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** sue for these damages.

28.   Plaintiffs also claim all damages recognizable by law, including but not limited to funeral and burial expenses, medical expenses, past and future damages as a result of the pecuniary loss; damages for the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value suffered by Plaintiffs in the past and which, in reasonable probability, they would have received from decedent in the future; damages as a result of the loss of companionship and society, meaning the loss of positive benefits flowing from the love, comfort, companionship, and society in the past and that Plaintiffs, in reasonable probability would have received from Decedent had she lived; as

well as damages as a result of the mental anguish for the emotional pain, torment, and suffering Plaintiffs experienced in the past and will experience long into the future because of the death of **SKYLAR MAE MCNEEL.**

29.     For these damages, Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** sue for an amount in excess of the minimum jurisdictional limits of the court.

### EXEMPLARY AND PUNITIVE DAMAGES

30.     Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** further seek exemplary or punitive damages in a sum sufficient to deter other similar defendants from engaging in the same or similar conduct or omissions as committed by Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY.**

31.     Plaintiffs believe that exemplary damages should be awarded as a penalty or by way of punishment in an appropriate amount to make the Defendants appreciate the gravity of their actions in a sum sufficient to motivate the Defendants to be mindful that the community is unwilling to accept such a human sacrifice.

32.     Additionally, Plaintiffs seek punitive damages in an amount commensurate with: (a) the nature of the wrongs committed by Defendants; (b) the character of Defendants' course of conduct; (c) the degree of culpability of the wrongdoers herein; (d) the situation and sensibilities of the parties in this case; and, (e) the severity, frequency, and degree to which the conduct described hereinabove offends the public sense of justice. Plaintiffs believe it would take punitive damages in an appropriate amount to effectively convey this

overdue message to the Defendants who have it within their power to control this type of conduct. Accordingly, Plaintiffs pray for a judgment against the Defendants for punitive or exemplary damages. However, there should be no cap or limit on the amount of punitive damages as the conduct of the Defendants rises to the level of the exceptions to the cap in Section 41.008(c) and makes Defendants responsible under 41.005(b)(1) of the Tex. Prac. & Rem. Code.

## RULE 47 CLAIMS FOR RELIEF STATEMENT

33.     The amount of Plaintiffs' damages is substantial and well in excess of the jurisdictional minimum of this Court. Many of the elements of Plaintiffs' damages, including pain and suffering and past and future mental anguish, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages are particularly within the province of the jury. Accordingly, Plaintiffs do not, at this time, seek any certain amount of damages for any of these particular elements of damages, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate them.

Solely to comply with Texas Rule of Civil Procedure 47, Plaintiffs provide that they seek monetary relief over $1,000,000. However, Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## NOTICE OF INTENT TO USE DOCUMENTS (193.7 TEX. R. C. P.)

34.     Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** hereby give notice to all parties that they intend to use as evidence at the time of trial any and all documents produced in response to written

discovery served by them, and any documents exchanged and provided between the parties (including, but not limited to, correspondence, pleadings, records and discovery responses).

## REQUEST FOR DISCLOSURE

35.     Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** request that Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY** disclose, within 50 days of the service of this request, the information or material described in Tex. R. Civ. P. 194.2.

## DEMAND FOR JURY

36.     Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** demand a trial by jury in accordance with the Texas Rules of Civil Procedure and Evidence and the Constitution of the United States of America and the Texas Constitution and have paid the required jury fee concurrently with the filing of this petition.

## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs, **JARED MCNEEL** and **LINDSEY MCNEEL, INDIVIDUALLY AND AS NATURAL REPRESENTATIVES OF THE ESTATE OF SKYLAR MAE MCNEEL, DECEASED,** pray that Defendants, **KIDDIE ACADEMY INTERNATIONAL, INC., BULLOCK'S BRIGHT BEGINNINGS, L.L.C.** and **CORY BULLOCK** and **SUMMER BULLOCK, INDIVIDUALLY AND DBA KIDDIE ACADEMY OF LEAGUE CITY,** be cited in terms of law to appear and answer herein, and that upon final hearing hereon, they have judgment of and against said Defendants in an amount greatly in excess of the minimum jurisdictional limits of the Court; pre-judgment interest and post-judgment interest as

allowed by law; for exemplary and punitive damages, funeral expenses, for costs of court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

APFFEL LEGAL, P.L.L.C.

By: _____

**DARRELL A. APFFEL**
State Bar No. 01276600
Darrell@apffellegal.com
**D. BLAKE APFFEL**
State Bar No. 24081911
Blake@apffellegal.com
P. O. Box 1078
Galveston, TX 77553
104 Moody Ave. (21st), Suite 101
Galveston, TX 77550
Telephone: (281) 992-232 (Houston)
Telephone: (409) 744-3597 (Local)
Facsimile: (281) 612-9992

**ATTORNEYS FOR PLAINTIFFS,
JARED MCNEEL AND LINDSEY MCNEEL**

**CIVIL CASE INFORMATION SHEET**

18-CV-1455

Filed 10/17/2018 1:12 PM
Galveston County — 405th District Court
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 28358314
By: Rolande Kain
10/18/2018 8:43 AM

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

STYLED __Jared McNeel and Lindsey McNeel, Ind. and as Natural Parents of Skylar Mae McNeel, Deceased vs. Kiddie Academy...__
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>D. Blake Apffel | Email:<br><br>blake@apffellegal.com | Plaintiff(s)/Petitioner(s):<br><br>Jared McNeel & Lindsey McNeel, Ind. & | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br><br>104 Moody Avenue, Suite 101 | Telephone:<br><br>409-744-3597 | as Natural Parents of Skylar Mae McNeel, Deceased<br><br>Defendant(s)/Respondent(s): | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br><br>Galveston, Texas 77550 | Fax:<br><br>281-612-9992 | Kiddie Academy International, Bright<br><br>Beginnings, LLC, & Cory Bullock & Summer | Non-Custodial Parent: |
| Signature:<br><br>*/s/ D. Blake Apffel* | State Bar No:<br><br>24081911 | Bullock, Ind. & dba Kiddie Academy of LC<br><br>[Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability: | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| *Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>_____<br><br>☒Other Injury or Damage:<br>wrongful death | **Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | **Other Family Law**<br>☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: _____ | **Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

Filed: 10/17/2018 4:12 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 28358314
By: Rolanda Kain
10/18/2018 8:43 AM

# JOHN D. KINARD

## DISTRICT CLERK GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Case Number: ___18-CV-1455___

Court Description: Galveston County - 405th District Cour

**Name(s) of Documents to be served:** Plaintiffs' Original Petition, Jury Demand and Request for Disclosure to Defendants

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To: Kiddie Academy International, Inc.

Address of Service: 3620 Nasa Road One

City, State & Zip: Seabrook, Texas 77586

Agent (IF APPLICABLE) Cheryl Clifson

### TYPE OF SERVICE TO BE ISSUED:

- [X] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citation Rule 106 Service
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Secretary of State Citation
- [ ] Protective Order
- [ ] Citation Scire Facias
- [ ] Attachment
- [ ] Certiorari
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe): _____

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff
- [ ] Galveston County Constable Name and Address _____
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up): _____
- [ ] Call attorney for pick up (Phone Number): _____
- [ ] Mail to attorney at: _____
- [X] Email Service to: terri@apffellegal.com
- [ ] District Clerk serve by certified mail _____
- [ ] Send to League City

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: D. Blake Apffel - Counsel for Plaintiffs

Phone Number: 409-744-3597

Email Address: blake@apffellegal.com

Revision 2.0

Filed: 10/17/2018 4:12 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 28358314
By: Rolanda Kain
10/18/2018 8:43 AM



# JOHN D. KINARD

## DISTRICT CLERK GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Case Number: __18-CV-1455__    Court Description: __Galveston County - 405th District Court__

**Name(s) of Documents to be served:** Plaintiffs' Original Petition, Jury Demand and Request for Disclosure to Defendants

#### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To: __Bullock's Bright Beginnings, L.L.C.__

Address of Service: __2108 Bayou Cove Lane__

City, State & Zip: __League City, TX 77573__

Agent (IF APPLICABLE) __Cory Bullock__

#### TYPE OF SERVICE TO BE ISSUED:

- [X] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citation Rule 106 Service
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Secretary of State Citation
- [ ] Protective Order
- [ ] Citation Scire Facias
- [ ] Attachment
- [ ] Certiorari
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe): _____

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

#### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff
- [ ] Galveston County Constable Name and Address _____
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up): _____
- [ ] Call attorney for pick up (Phone Number): _____
- [ ] Mail to attorney at:
- [X] Email Service to: __terri@apffellegal.com__
- [ ] District Clerk serve by certified mail
- [ ] Send to League City

#### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: __D. Blake Apffel - Counsel for Plaintiffs__

Phone Number: __409-744-3597__    Email Address: __blake@apffellegal.com__

Revision 2.0

Filed: 10/17/2018 4:12 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 28358314
By: Rolanda Kain
10/18/2018 8:43 AM

# JOHN D. KINARD
## DISTRICT CLERK GALVESTON COUNTY

**REQUEST FOR ISSUANCE OF SERVICE**   Galveston County - 405th District Cour

Case Number: 18-CV-1455    Court Description:

**Name(s) of Documents to be served:** Plaintiffs' Original Petition, Jury Demand and Request for Disclosure to Defendants

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To: Cory Bullock, Individually and d/b/a Kiddie Academy of League City

Address of Service: 2108 Bayou Cove Lane

City, State & Zip: League City, TX 77573

Agent (IF APPLICABLE) Cory Bullock

### TYPE OF SERVICE TO BE ISSUED:

- [X] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citation Rule 106 Service
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Secretary of State Citation
- [ ] Protective Order
- [ ] Citation Scire Facias
- [ ] Attachment
- [ ] Certiorari
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe):

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff
- [ ] Galveston County Constable Name and Address
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up):
- [ ] Call attorney for pick up (Phone Number):
- [ ] Mail to attorney at:
- [X] Email Service to: terri@apffellegal.com
- [ ] District Clerk serve by certified mail
- [ ] Send to League City

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: D. Blake Apffel - Counsel for Plaintiffs

Phone Number: 409-744-3597    Email Address: blake@apffellegal.com

Revision 2.0

Filed: 10/17/2018 4:12 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 28358314
By: Rolanda Kain
10/18/2018 8:43 AM

# JOHN D. KINARD

## DISTRICT CLERK GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Galveston County - 405th District Cour

Case Number: 18-CV-1455

Court Description:

**Name(s) of Documents to be served:** Plaintiffs' Original Petition, Jury Demand and Request for Disclosure to Defendants

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To: Summer Bullock, Individually and d/b/a Kiddie Academy of League City

Address of Service: 2108 Bayou Cove Lane

City, State & Zip: League City, TX 77573

Agent (IF APPLICABLE) Cory Bullock

### TYPE OF SERVICE TO BE ISSUED:

| | | | |
|---|---|---|---|
| [X] Citation | [ ] Citation by Posting | [ ] Citation by Publication | [ ] Citation Rule 106 Service |
| [ ] Temporary Restraining Order | [ ] Precept | [ ] Notice | [ ] Secretary of State Citation |
| [ ] Protective Order | [ ] Citation Scire Facias | [ ] Attachment | [ ] Certiorari |
| [ ] Garnishment | [ ] Habeas Corpus | [ ] Injunction | [ ] Sequestration |
| [ ] Subpoena | | | |
| [ ] Other (Please Describe): | | | |

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

[ ] Send to Sheriff

[ ] Galveston County Constable Name and Address

[ ] Civil Process Server (Include the name of the Authorized Person to pick-up):

[ ] Call attorney for pick up (Phone Number):

[ ] Mail to attorney at:

[X] Email Service to: terri@apffellegal.com

[ ] District Clerk serve by certified mail

[ ] Send to League City

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: D. Blake Apffel - Counsel for Plaintiffs

Phone Number: 409-744-3597     Email Address: blake@apffellegal.com

Revision 2.0